IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRIOT ORDNANCE FACTORY,
INC.,

                      Plaintiff,                    OPINION AND ORDER

    v.

                                                        21-cv-477-wmc

HEARING PROTECTION LLC
d/b/a GRIFFIN ARMAMENT.

                      Defendants.

---

      Plaintiff Patriot Ordnance Factory, Inc. ("Patriot") brought suit against Hearing Protection LLC d/b/a Griffin Armament ("Griffin") for infringement of its patented "heat exchanger barrel nut" for use in firearms. Griffin moved for dismissal (dkt. #11) arguing that its own barrel nut design does not have "radial fins" as required by Patriot's patent. Because the court is unable to construe material claim terms, much less resolve the infringement claim, until the summary judgment phase, defendant's motion to dismiss must be denied in its entirety. Of course, none of this is to rule on the merits of any of these arguments with a more fulsome record. Similarly, the court is unable on this limited record to find that the inclusion of a sprocket on one end of a barrel nut shown in a 1991 U.S. Army Technical Manual precludes a claim of "fins" running radially the length of a nut's core, even if longitudinally, rather than in a circular configuration. Finally, the court finds that the complaint provides adequate notice that defendant acted willfully to infringe despite its awareness of plaintiff's patent.

BACKGROUND

In part, plaintiff Patriot alleges that Griffin violated claim 1 of U.S. Patent No. 7,464,496 (the "'496 Patent"), which describes a barrel nut with "plurality of heat conducting fins extending radially outwardly from the outer surface of the body" of the nut and preventing excessive heating. '496, col. 3, ll. 45-47. Griffin argues that the fins on its barrel nut for use in firearms extend down the length of the nut, whereas the fins shown in the '496 patent circle the width of the nut.

OPINION

A motion to dismiss for failure to state a claim is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). Dismissal is warranted only if no recourse could be granted under any set of facts consistent with the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). To survive a motion to dismiss, a plaintiff must allege sufficient facts to state a plausible claim for relief. *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (citing *Twombly*, 550 U.S. at 570).

Here, Griffin argues that its barrel nut does not infringe the '496 patent as it does not contain the essential requirement of "fins extending radially," which are an element of each claim of the patent in dispute. The United States Supreme Court "has repeatedly held that the construction of a patent claim is a matter of law exclusively for the court." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995), aff'd, 517 U.S.

370 (1996), (citing *Hogg v. Emerson*, 47 U.S. 437, 484 12 L. Ed. 505 (1848)).  Moreover, "[a]s a starting point, we give claim terms their ordinary and accustomed meaning as understood by one of ordinary skill in the art." *Dow Chem. Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1372 (Fed. Cir. 2001).

The problem in this case is that defendant is asking the court to find noninfringement dependent on its own preferred claims construction.  While "there *may* be grounds for dismissal where an element is 'conspicuously absent' from a complaint or infringement is otherwise implausible on the face of the complaint and patent claims," such relief is generally reserved for exceptional cases.  *AMS, LLC v. Muzzy, LLC*, No. 18-CV-583-WMC, 2019 WL 1435844, at *1 (W.D. Wis. Mar. 29, 2019) (quoting *Palmer Hamilton, LLC v. AmTab Mfg. Corp.*, No. 16-CV-522-JDP, 2016 WL 6775458 at *1 (W.D. Wis. Nov. 15, 2016)).  The current case is not so exceptional.

Specifically, defendant moves for dismissal on the theory that "fins extending radially" clearly requires extensions of fins in circular fashion, rather than longitudinally.  (Def. Op. Br. (dkt. #12) 4.)  And since the fins used in Griffin's products extend *longitudinally*, not circularly, the crucial element of "radical" fins is absent.  (Id.)  However, this is not nearly as clear as defendant suggests.  While defendant argues that radial fins must extend from cross-sections of the barrel nut (Def.'s Op. Br. (dkt. #12) 7) as illustrated and described in a preferred embodiment, plaintiff argues that specifying which cross-section the fins must radiate improperly narrows the claim to a single embodiment.  (Pl.'s Opp'n. (dkt. #14) 5.)

As such, the court understands the dispute to be whether the so-called, "plurality of

3

heat conducting fins" *must* circle the width of the nut's barrel or may run its length. Regardless of the answer, the fact that the parties are arguing over the direction of the barrel nut's fins suggests that the term "fins extending radially" is ambiguous enough that claims construction is necessary.  Generally, this court construes claims at the summary judgment stage anyways, but the possibility of multiple constructions of "fins extending outwardly from the outer surface of the body" of the nut makes claims construction wholly inappropriate at the motion to dismiss stage.  Regardless, claims must be construed in favor of the non-movant at the motion to dismiss stage. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1352 (Fed. Cir. 2016).  Patriot's proposed construction allowing for fins along the width *or* length of the barrel nut is not clearly implausible, so the court will not find a that the Griffin barrel nut does not infringe on the '496 patent at this stage of the litigation.

The court is even less impressed by defendant's argument that a barrel nut illustrated with a sprocket at one end in a 1991 M-16 Army manual would render the patent in suit invalid if it claimed "longitudinal" fins.  Not only is the argument a stretch, but having been raised in defendant's reply brief, it is not even properly before the court.

Finally, Griffin briefly argues that plaintiff has not stated a claim for willful infringement because it has not alleged that Griffin's conduct was egregious.  However, Griffin mistakes willful infringement as a claim for relief, rather than a basis for awarding enhanced damages.  As the Supreme Court explained in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016), in order to receive enhanced damages, "a patentee must show . . . that the risk of infringement 'was either known or so obvious that it should have been known

to the accused infringer.'" *Id*. at 101 (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)). Thus, behavior that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, [or] flagrant" may be a basis for enhanced damages. *Id*. at 103–04. Here, plaintiff alleges that Griffin had actual notice of the '496 patent claims through a demand letter but refused to stop selling infringing products. (Complaint (dkt. #1) ¶¶ 26-29.) Certainly, at the motion to dismiss stage, this is enough to put defendant on notice of the basis for plaintiff's willfulness claim. Regardless, the court cannot decide whether enhanced damages due to willfulness are warranted at this time.

## ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #11) is DENIED.

Entered this 13th day of December, 2022.

                                                                   BY THE COURT:

                                                                   /s/

                                                                   _____
                                                                   WILLIAM M. CONLEY
                                                                   District Judge